**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENDA SUYAPA FORTIN-RAPALO;
OBED ISAI AVILA-FORTIN,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-70094

Agency Nos.   A212-950-248
                       A212-950-249

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Glenda Suyapa Fortin-Rapalo and Obed Isai Avila-Fortin, natives and

citizens of Honduras, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reconsider.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reconsider.  *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We grant the petition for review, and we remand.

The BIA abused its discretion when it denied reconsideration, in part, based on petitioners' failure to comply with the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), where ineffective assistance of prior counsel was apparent from the face of the record.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) (explaining that failure to comply with the *Lozada* requirements is not dispositive where the ineffective assistance of counsel is plain on the face of the administrative record); *see also Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." (internal citations and quotation marks omitted)).  Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs on appeal.

Petitioners' removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW GRANTED; REMANDED.**